McKinney, J.
delivered the opinion of the court.
In deraigning title to the land sued for in this action the plaintiffs’ lessor, on the trial, produced and offered as evidence of title a copy of the last will and testament of A. G. Anderson, purporting, from an endorsement of the clerk thereon, to have been proved in the court of pleas and quarter sessions of Warren county, North Carolina, which the court permitted to go to the jury.
To this, exception was taken by the defendants; first because, as is alleged, the supposed probate appearing upon said copy, is not in fact a transcript of the probate from the record of said court, but only a recital thereof by the clerk; and, second, because the clerk’s certificate extends only to a copy of the will and not to the probate thereof.
The registry act of 1831, chap. 90, sec. 11, by which the present case is governed, provides, that, “all wills executed in other States shall be proved according to the laws of said States, and certified in the manner prescribed by the act of Congress ; and a copy, so certified, shall be registered in the county where the land lies.”
1. If the fact be as assumed in the first exception, a matter upon which, from the record before us, we are unable to pronounce with certainty, it certainly is a valid objection. The clerk ought to certify a literal copy of the probate from the record, to the end that it may appear whether or not the will has been proved in the mode prescribed by law; a recital, by him, of what may be deemed its import, is unauthorized and inadmissible.
*781 2. But, however the fact may be, in regard to this objection, we think the clerk’s certificate is wholly defective. He certifies merely as to the paper purporting to be a copy of the will, that it is a true copy of the will as it appears of record in his office; he should have, in like manner, certified as to the copy of the probate thereof. This he has altogether omitted to do ;• and for this reason the paper ought to have been rejected.
The judgment will be reversed, and the cause be remanded for a new trial.